857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lewis WHITELY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-6196.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges CARL B. RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, David Whitely, appeals from the denial of social security disability benefits. Plaintiff initially filed for benefits on January 9, 1984, when he was thirty-six years of age. Whitely claimed a disability onset date of December 23, 1983. His claim was denied at the initial hearing stages and ultimately denied after a hearing by an administrative law judge (ALJ). The Appeals Council denied review and the final decision of the Secretary was appealed to the district court. In the district court, Judge Simpson referred the matter for a report and recommendation to Magistrate Long who recommended that report and recommendation to Magistrate Long who recommended that summary judgment be granted in favor of the Secretary. Magistrate Long heard oral arguments and wrote a detailed report which Judge Simpson adopted on August 26, 1987.
 
 
 2
 Upon review, we conclude that there is substantial evidence in the record supporting the Secretary's decision. We affirm for the reasons set forth in the Magistrate's Report and Recommendation and write briefly for additional clarification.
 
 
 3
 Plaintiff is a comparatively young man with a ninth grade education and a past history of steady employment. His past relevant work includes working as a cutter in a sewing factory, a mechanic, a construction worker, and a farm laborer. Plaintiff last worked on July 28, 1984, as an automotive parts installer and left this employment over a salary dispute.
 
 
 4
 Whitely's alleged disability grows out of a hip fracture which he sustained thirteen years ago. Since the fracture, he has experienced pain, some difficulty in standing and walking, and degenerative arthritis of a type that typically follows an injury of this nature as one ages. The problem with the hip culminated in a total right hip replacement on March 22, 1985. The surgery was uneventful and recovery was normal.
 
 
 5
 Whitely claims to have been disabled since 1983, but since he worked until July 28, 1984, he obviously would not qualify for disability benefits prior to that time. Whitely was found to be disabled by the ALJ subsequent to his hip surgery, but the hearing was held on April 22, 1985, only thirty days after the surgery, so plaintiff at this point in time could not meet the twelve-month durational requirement which is a predicate to a finding of disability.
 
 
 6
 Nonetheless, plaintiff argues that if you take the period since he last worked and consider his medical prognosis for the future that he meets the twelve-month requirement. Plaintiff also claims that the pain he experiences must also be factored into the disability calculus.
 
 
 7
 There is no dispute that plaintiff cannot do his past relevant work. However, the ALJ determined that he could still perform a range of sedentary work which would compel a conclusion of "not disabled." We agree. As of the time that the hearing was held, as the ALJ stated, it was "simply ... too early to determine if he will be precluded from engaging in all exertional levels of work activity for any period of 12 continuous months from the date of the surgery." (App. 9) If the disability has continued, plaintiff would of course be at liberty to file another application. The very purpose of the hip replacement was to improve the plaintiff's condition, and there is nothing in the post-operative medical reports to indicate that such will not be the case.
 
 
 8
 As for plaintiff's claim of disabling pain, there is simply no objective medical support in the record for pain to a degree which would be disabling. We note in this regard that plaintiff takes no pain medication.
 
 
 9
 We do not minimize plaintiff's impairment nor any pain associated therewith; however, the record is replete with evidence sufficiently substantial to support the fact that plaintiff can do sedentary work. Given the state of the medical record before the Secretary, we find that plaintiff did not meet any of the listings which would have dictated a conclusion of disability. We also find that the ALJ appropriately applied the "grids" as part of his determination of "not disabled."
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Carl B. Rubin, Chief Judge, United States District Court, Southern District of Ohio, sitting by designation